**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KEVIN FULLER                                          *

Petitioner                                                *

v                                                              *             Civil Action No. RDB-15-2643

WARDEN FRANK BISHOP, JR. et al.      *

Respondents                                            *
                                                           ***

## MEMORANDUM OPINION

The Response to the above-entitled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 asserts that all of the claims raised by Petitioner are procedurally defaulted. ECF 12.  In an Order granting Petitioner 28 days to file a Reply, it was explained that procedural default may be excused and the merits of the claims reached upon a showing both cause for the default and prejudice that would result from failing to consider the claim on the merits, or that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.  ECF 13.  Petitioner has filed his Reply and the matter is now ready for resolution.  ECF 15.  The Court finds a hearing in this matter unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).  For the reasons stated below, the Petition must be dismissed and a Certificate of Appealability declined.

### Background

On June 12, 2007, Petitioner Kevin Fuller was sentenced to serve a total of 45 years imprisonment for two counts of robbery with a deadly weapon in connection with a March 24,

2006 bank robbery in Ocean City, Maryland.  ECF 1-1 at p. 2.  Petitioner was tried and convicted by jury in the Circuit Court for Worcester County, Maryland.  *Id*. at p. 3.

Petitioner filed an appeal challenging his conviction in the Court of Special Appeals and alleged the trial court improperly denied a motion to suppress evidence that had been seized from a storage locker without a warrant.  ECF 1-1 at p. 3.  Specifically, Petitioner claimed that a second search of the storage locker by police violated the Fourth Amendment because there was no warrant or consent; a search of a bag found inside the locker violated the Fourth Amendment because there was no warrant or consent; seizure of money found during the second search violated the Fourth Amendment because it required a warrant; and the trial court erred in denying the motion to suppress without making any findings of fact or conclusion of law regarding the seizure of the money.  ECF 12 at Ex. 2, p. 3. The Court of Special Appeals affirmed Petitioner's conviction, finding that the search of the locker was consensual and the money seized was in plain view of the officers conducting the search.  ECF 1-1 at pp. 13 – 16. Petitioner filed for certiorari review with the Maryland Court of Appeals which was subsequently denied on August 26, 2008.  ECF 12 at Ex. 4.

On December 10, 2008, Petitioner filed for post-conviction relief in the Circuit Court for Worcester County which was subsequently withdrawn on June 26, 2009.  ECF 12 at Ex. 1. Another petition for post-conviction relief was filed on August 3, 2009, and amended by Petitioner several times.  *Id*. at Ex. 5.  Petitioner ultimately reached an agreement with the state and by consent order dated July 28, 2014, he was granted a right to file a belated motion for modification of sentence.  In exchange for that right, Petitioner agreed to withdraw all remaining issues in his post-conviction petition as amended with prejudice.  ECF 1-1 at p. 17.  No appeal

was taken regarding the post-conviction disposition and Petitioner's later-filed motion for reconsideration was denied by the circuit court on August 17, 2015. *Id*. at pp. 18 – 24.

On September 8, 2015, Petitioner filed a motion to reopen the state post-conviction proceedings, claiming that post-conviction counsel was ineffective for agreeing to the consent order resolving the post-conviction case. ECF 12 at Ex. 1 and 6. On September 28, 2015, Petitioner filed a motion to correct an illegal sentence. *Id*. at Ex. 1. The motions to reopen and to correct an illegal sentence were denied on October 16, 2015. *Id*. Petitioner did not appeal the denial of either motion, but on November 16, 2015, filed another motion to reopen post-conviction proceedings, asserting the trial court issued an unconstitutional jury instruction on reasonable doubt. The motion was denied on December 8, 2015, and Petitioner did not seek appellate review of that decision.

In the instant Petition for Writ of Habeas Corpus, Petitioner states as grounds for relief that: post-conviction counsel was ineffective for allowing Petitioner to waive his post-conviction hearing on July 11, 2014; and he should have only received a 20 year sentence as the bank Petitioner robbed was FDIC insured. ECF 1 at pp. 4 – 6. In his Amended Petitions, he further claims that the trial court's jury instruction on reasonable doubt unconstitutionally reduced the State's burden of proof (ECF 6 at p. 2) and his Maryland sentence should run from the date he was arrested in Flagstaff, Arizona for robbery, because those charges were ultimately dismissed (ECF 11 at pp. 1 – 2).[1]

## Analysis

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See*

---

[1] The Motion to Amend Petition (ECF 11) shall be granted by separate Order.

*Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a  habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[2]  *See Murray v. Carrier*,  477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that]

---

[2]     Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief.  *See Murray v. Carrier*, 477 U.S. at 496.  "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488).   Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice.   *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

### Analysis

In the context of the procedural default at issue in this case, Petitioner cannot credibly claim actual innocence or that the merits of the claims asserted should be reached by this Court in order to prevent a fundamental miscarriage of justice, as he has admitted to committing the robbery.  This is true despite Petitioner's personal belief regarding the nature of his crime.  *See* ECF 15 at pp. 5 – 6 (characterizing the robbery as an "act of resistance against racism in Ocean City, Maryland.").  Additionally, Petitioner's assertion that he did not know he could appeal the post-conviction court's denial of his motion to reopen does not suffice as cause for the default where, as here, prejudice does not result.[3]

In his Reply, Petitioner also asserts that the Fourth Amendment claims he raised on direct appeal from trial were not procedurally defaulted and the merits of those claims should be reached by this Court.  ECF 15 at pp. 4 – 5.  Those claims, however, were not presented as grounds for federal habeas relief in the instant petition, nor were they raised in the two Motions to Amend the Petition filed by Petitioner.  ECF 6 and 11.  Accordingly, the Petition for Writ of Habeas Corpus must be dismissed, as it does not present cognizable grounds for relief.

---

[3]    Petitioner's assertion that "prejudice" results because he would continue to be incarcerated longer than he would have been required had he been white, is not the sort of prejudice that excuses procedural default.  Rather, there must be a showing that "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496.  Such is not the case here.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Petitioner has not satisfied this standard; therefore, a Certificate of Appealability shall not issue.

A separate Order follows.

__April 18, 2016_____          _____/s/_____
Date                                                     RICHARD D. BENNETT
                                                           UNITED STATES DISTRICT JUDGE